IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTHONY L THOMAS,

    Plaintiffs,

v.                                  CASE NO. 4:10-cv-00360-SPM -GRJ

ANITA NICHOLS,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner currently incarcerated at the Blackwater River Correctional Facility in Milton, Florida, proceeding *pro se* and *in forma pauperis*, brings this cause of action against a librarian at Wakulla Correctional Institution for issuing a disciplinary report and for refusing to provide Plaintiff with a job at the library. (Doc. 14.) Plaintiff was advised that his original (Doc.1) and First Amended Complaint (Doc. 8) failed to state a claim for relief. (Docs. 6 and 11.) Plaintiff has now submitted a Second Amended Complaint for review. (Doc. 14).

A court may *sua sponte* dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The complaint's [f]actual allegations must be enough to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); see also Cobb v. Florida, 293 Fed. Appx. 708 (11th Cir. 2008) (applying Twombly to a prisoner's *pro se* complaint brought under 42 U.S.C. §1982 and dismissed pursuant to 28 U.S.C. §1915A). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter

(taken as true) to suggest' the required element." Watts v. Florida International University, 495 F.3d 1289, 1295 (11th Cir. 2007) (*quoting* Twombly, 127 S.Ct. at 1965). This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the required element. Twombly, at 1965. In reviewing the dismissal of a complaint under the 28 U.S.C. 1915A(b)(1), this court accepts allegations in the complaint as true, and pro se pleadings are liberally construed. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir.2004).

The Court is *required* to dismiss a complaint at any time if it is determined to be frivolous. 28 U.S.C. §1915(e)(2)(B)(I). Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005). Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

Dismissal here is appropriate because even though Plaintiff was advised previously that he must point to specific defects in the disciplinary process, and not simply his disagreement with the outcome, Plaintiff has failed to allege any facts which arguably could support a due process claim relating to the disciplinary process or relating to the alleged failure to provide Plaintiff with a job in the library. (Doc. 11.)

Viewing Plaintiff's facts as true for purposes of determining whether he has stated a constitutional claim, Plaintiff's Second Amended Complaint discloses the following details.

Plaintiff alleges that while he was taking a magazine from the library on his way to medical call the librarian, Defendant Nichols, "wrote him up" for stealing the magazine. Plaintiff disagrees with the librarian's version of what happened and contends that he could not be charged with stealing "since I am allowed to read everything in the library." (Doc. 14, at 5.) Plaintiff alleges that the disciplinary report was overturned because Defendant Nichols made errors in the report and had to rewrite the disciplinary report twice. Id. While Plaintiff is not specific about what was wrong with Defendant's report or the reason the DR was overturned, these types of problems do not constitute the type of procedural defects that raise due process concerns.

The Supreme Court has identified three specific requirements to comply with due process concerns in disciplinary proceedings: (1) advance written notice; (2) a written statement of the reasons for the disciplinary action; and (3) the opportunity to call witnesses and present evidence. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Only these procedural errors may be raised in challenging disciplinary proceedings; disagreements with the results of the proceedings are foreclosed. Edwards v. Balisok, 520 U.S. 641 (1997).

Plaintiff claims that after the DR was overturned he was told that "everything will go back like it was," and that he would return to the library when an opening became available. (Doc. 14, at 6.) Plaintiff alleges, however, that when openings became

available Plaintiff was not "rehired" because Defendant (in some unspecified manner) kept Plaintiff from getting his job back. Even if Plaintiff's allegation was true that the librarian prevented Plaintiff from getting a job in the library, it is insufficient to demonstrate a viable claim because an inmate does not have a constitutionally protected interest in a particular job classification. Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986). Simply put, Defendant was not required to give Plaintiff the job at the library or any job in particular, even if the decision was "motivated by evil."

In addition to the fact that Defendant's conduct about which Plaintiff's complains fails to give rise to a procedural due process claim, Plaintiff's claim also fails because "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The only relief requested by the Plaintiff is that Defendant be punished and that Plaintiff receive damages for "emotional trauma." Id. at 7 Thus, without any claim of physical injury Plaintiff is not entitled to compensatory and punitive damages Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007) and cannot proceed with his claim for damages.

In light of the foregoing, it is respectfully **RECOMMENDED**:

The complaint in this cause should be **DISMISSED** for failure to state a claim for relief and as frivolous.

At Gainesville, Florida, this 30th day of December, 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**